## Commonwealth v. Lazos

*Eric Henson* and *Anita Cohen,* Assistant District Attorneys, for Commonwealth.

*Richard Hunter,* for defendant.

WILSON, J., April 18, 1974.—Keith Lazos was indicted December sessions, 1972, on one bill of indictment charging him with delivery of a controlled sub-

stance. Defendant was tried before this court, sitting without a jury on February 6, 1973, at which time the Commonwealth's witness, State Trooper Michael G. White, testified that he purchased two bags of an alleged controlled substance from defendant on a parking lot outside a bowling alley on City Line Avenue in Philadelphia, on September 12, 1972.

Trooper White stated that the purchase had been arranged by an informant who, on the night in question, at first spoke to defendant and then talked to Trooper White, stating to him that defendant had two bags of heroin to sell for $14.

The informant then introduced Trooper White to defendant and walked away from the two men to a place on the parking lot about 20 feet from where defendant and Trooper White conducted the alleged sale transaction. After such alleged transaction, Trooper White and the informant left the scene together.

On cross-examination, Trooper White was asked the name of the informant, and the Commonwealth objected. The Commonwealth's objection was overruled. At the Commonwealth's request, the case was continued until February 8, 1973, at which time the Commonwealth argued that the Commonwealth's witness did not have to state the name of the informant, because such information was privileged. Once again, this court granted a continuance at the Commonwealth's request to allow counsel for both parties to submit legal memoranda on the question as to whether or not Commonwealth v. Carter, 427 Pa. 52 (1967), is controlling in this case, requiring the disclosure of the identity of the informant or, in lieu thereof, the acquittal of defendant.

Legal memoranda for both parties were submitted and on April 23, 1973, the Commonwealth was allowed

to recall Trooper White to elicit additional testimony supporting its legal position. Such additional testimony, however, was hearsay and not allowed by this court. Defendant moved for a directed verdict, and the court deferred adjudication.

Both counsel have ably identified the controlling issue in this case, the balancing of an accused's right to confront witnesses with strong public interest, which is the basis upon which the privilege of not identifying "informers" has developed. The use of informers is a universally used, well-established and accepted method of preventing and detecting criminal acts and prosecuting criminal offenders. The right of an accused to confront his accusers is a fundamental right guaranteed by the Sixth Amendment of the Constitution of the United States.

It is clear that in determining whether or not a privilege of nondisclosure should apply, wide discretion is granted to the trial judge. The granting of such privilege should be made on a case-by-case basis. Fairness to the accused is the fundamental determining factor; Roviaro v. United States, 353 U.S. 53 (1957). Where disclosure of the identity of an informer is requested as a requirement of fairness in the truth-finding process and the alleged informer has participated in the activities with which the accused is charged, disclosure should be required.

As stated in Roviaro, supra:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consider-

ation the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

The language in Roviaro, supra, was largely used in Commonwealth v. Carter, supra. The Commonwealth, in distinguishing the present case from Roviaro and Carter, has cited a number of cases in which disclosure was not required: Commonwealth v. Lloyd, 427 Pa. 261 (1967); United States v. Russ, 362 F.2d 843 (2d Cir., 1966), cert. den. 385 U.S. 923 (1966). In each of these cases, the informant was not an active participant in the transaction.

This court does not disagree with the Commonwealth's presentation of case law. The court does disagree, however, with the Commonwealth's interpretation of the facts. Sitting as trier of fact, this court inferred from the testimony that the informer was an active participant and witness to the alleged sale-transaction.

The informant talked separately to defendant and Trooper White, arranged the sale, informed Trooper White of the terms of the sale and introduced the two men. The informant then remained in the immediate area 20 feet away while the transfer of merchandise and money occurred. Trooper White could see the informer during the transfer; it is only reasonable to infer that the informer could see Trooper White and defendant, especially in view of the fact that the informer waited and left the area with Trooper White.

The facts presented in this case are strikingly similar to the facts in Gilmore v. United States, 256 F. 2d 565 (5th Cir., 1958). In Gilmore, supra, the government's case was based solely on the testimony of an agent who allegedly purchased contraband items from defendant. As in the present case, the sale was

arranged by an informer. The informer talked to each party, introduced the parties and remained in the area of the purchase.

The court stated that the informer had done more than merely supply information. The informer was an active participant in setting the stage, in creating the atmosphere of confidence beforehand and in continuing it by his close presence during the moment of critical conversation. The court held that it was error by the trial judge to deny the defense the name and address of the informer.

This court rules that, in the present case, the privilege of a nondisclosure must be denied. To hold otherwise would deny defendant a fair opportunity to defend himself against the charges.

The Commonwealth, having failed to disclose the name of the informer, Commonwealth v. Carter, supra, is controlling. Accordingly, defendant's motion for directed verdict is granted.