COMMONWEALTH of Pennsylvania,
Appellant

v.

Brian Paul BAKER, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 23, 2007.
Filed March 3, 2008.
Reargument Denied May 16, 2008.

Timothy J. Lyon, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Gary B. Zimmerman, Pittsburgh, for appellee.

BEFORE: MUSMANNO, ORIE MELVIN and KELLY, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 This is an appeal by the Commonwealth from the Order granting suppression of all evidence derived from the search warrant due to the Commonwealth's decision not to produce the confidential informant whose information was related in the affidavit of probable cause.[1] After careful review, we reverse.

¶ 2 The facts and procedural background of this matter may be summarized as follows. Appellee, Brian Paul Baker, was charged with one count each of possession with intent to deliver a controlled substance (cocaine), possession of controlled substance (cocaine), possession or distribution of small amount of marijuana, and possession of drug paraphernalia.[2] On May 23, 2006, Appellee filed an omnibus pretrial motion challenging the veracity of the information supplied in the affidavit of probable cause to support to search warrant application. Specifically, Appellee claimed that he and the confidential informant (CI) referred to as "Muffin" never engaged in a controlled buy within the 48 hours prior to the affiant's application for the search warrant and further requested production of the CI's identity. The Commonwealth filed a brief in opposition, to which Appellee filed a reply brief. A pretrial suppression hearing was held. At the conclusion of the hearing, the trial court ordered the Commonwealth to produce the

---

1. Pursuant to Pa.R.A.P. 311(d), the Commonwealth has certified that this order will terminate or substantially handicap the prosecution of this case.

2. 35 P.S. §§ 780–113(a)(30), (16), (31) and (32), respectively.

CI. Thereafter, the Commonwealth petitioned the court to reconsider its production order. This motion was denied. Upon the Commonwealth's refusal to disclose the name of the CI, the trial court granted Appellee's motion to suppress the evidence obtained from the search warrant. This timely appeal followed, wherein the Commonwealth presents a single issue for our review:

> Did the trial court err in concluding the defense met its burden for ordering production of the confidential informant that was set forth in the search warrant's affidavit of probable cause designated "MUFFIN" and that the Commonwealth did not adequately rebut the defense offer for production of the confidential informant?

Commonwealth's brief, at 5.[3]

■■■■ ¶ 3 Our standard of review of a suppression order is well-settled.

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Barber*, 889 A.2d 587, 592 (Pa.Super.2005). Moreover, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v.*

*Gallagher*, 896 A.2d 583, 585 (Pa.Super.2006) (citation omitted).

Generally speaking, the production of an informant is a discovery matter and subject to the following test set forth in *[Commonwealth v.] Bonasorte[*, 337 Pa.Super. 332, 486 A.2d 1361 (Pa.Super.1984)[ (*en banc* ) ]]:

> we hold that a defendant seeking production of a confidential informant at a suppression hearing must show that production is material to his defense, reasonable, and in the interest of justice. By this we mean that the defendant must demonstrate some good faith basis in fact to believe that a police officer-affiant willfully has included misstatements of facts in an affidavit of probable cause which misrepresents either the existence of the informant or the information conveyed by the informant; that without the informant's information there would not have been probable cause; and that production of the informant is the only way in which the defendant can substantiate this claim.

*Bonasorte*, 486 A.2d at 1373–74. However, the *Bonasorte* rule must be considered in conjunction with the holding in *[Commonwealth v.] Miller[*, 513 Pa. 118, 518 A.2d 1187 (Pa.1986) ] that "the *[Commonwealth v.] Hall[*, 451 Pa. 201, 302 A.2d 342 (Pa.1973),] rule does not permit the disclosure of the identity of an informant relied upon by the affiant where it is established that the disclosure of such information would jeopardize the safety of the nongovernmental informant. This ruling also embraces the disclosure of information that would lead directly to the ascertainment of the identity of the informant." *Miller*, 518 A.2d at 1195.

---

**3.** We note that both Appellant and the trial court have complied with Pa.R.A.P 1925.

*Commonwealth v. Brown,* 2003 PA Super 430, 836 A.2d 989, 993–94 (Pa.Super.2003), *affirmed,* 582 Pa. 573, 873 A.2d 1275 (Pa.2005). Courts must apply a balancing test, and the balance initially weighs in favor of maintaining confidentiality of the informant's identity in order to preserve the public's interest in effective law enforcement. *In re R.S.,* 2004 PA Super 101, 847 A.2d 685, 688 (Pa.Super.2004) (quoting *Commonwealth v. Belenky,* 2001 PA Super 148, 777 A.2d 483, 488 (Pa.Super.2001), *appeal denied,* 581 Pa. 679, 863 A.2d 1148 (2004)). "[T]he accused must show the information is material to the defense and the request is reasonable." *Id.* (quoting *Belenky, supra*). Courts should proceed "in a fashion that gives due regard to Appellant's right to test the veracity of the averments in the affidavit while balancing the right of the Commonwealth to withhold the [confidential informant's] identity should disclosure of that information jeopardize the [confidential informant's] safety." *Brown, supra* at 997.

*Commonwealth v. McCulligan,* 905 A.2d 983, 988–989 (Pa.Super.2006), *appeal denied,* 591 Pa. 698, 918 A.2d 743 (2007).

■ ¶ 4 The Commonwealth asserts that Appellee never met his initial burden for production of the CI, and the Commonwealth adequately rebutted any question as to the necessity of production on this record. We agree.

¶ 5 Instantly, the suppression court opined that:

[Appellee's] case is governed by *Commonwealth v. Brown,* 836 A.2d 989 (Pa.Super.2003), [*affirmed by per curiam order,* 582 Pa. 573, 873 A.2d 1275 (2005)]. Pursuant to *Brown* and in consideration of all the facts and circumstances presented in this case, this [c]ourt finds that the [Appellee] has shown that the disclosure of the identity of the confidential informant is material to the defense, reasonable, and in the interests of justice. Further, the [c]ourt finds that the Commonwealth has failed to show through substantial and credible evidence that the informant would be placed in danger if his or her identity were disclosed.

Trial Court Opinion, 9/25/06, at 3.

¶ 6 Upon close examination of the facts presented in *Brown* and the facts in this case, we find *Brown* is clearly distinguishable and limited in its application to those facts. While the averments of the respective affidavits of probable cause are similar and each of the defendants sought the production of the CI because he claimed that there was no controlled buy within the relevant time frame alleged in the affidavit of probable cause, there are significant differences in how the defendants satisfied their burden of proof and the type of premises that were the subject of the search warrants.

¶ 7 In *Brown,* the defendant lived in a multi-unit apartment building that required visitors to sign in at the security desk before they could gain entrance to the building. At the suppression hearing, as part of his offer of proof, the defendant presented his own testimony denying that anyone had purchased drugs from him during the relevant 48–hour period and, more significantly, the sign-in log book and the testimony of the security guards. The defense in *Brown* maintained that with production of the CI or at the very least the name used by the CI to gain admittance, the defense could prove that the CI never entered the building during the relevant period if the name did not appear in the book. In a 2 to 1 panel majority, this Court agreed that the defendant had "met the necessary burden by demonstrating that the name used by the CI to gain

admittance to the apartment building was material to his defense[,] ... reasonable under the circumstances and in the interests of justice." *Brown,* at 996.

¶ 8 Here, in contrast, Appellee presented only his self-serving denial and one witness who only established that no drugs were sold during the half an hour that he was present on the day before the search warrant was executed. Such evidence falls woefully short of demonstrating a good faith basis in fact to believe that the police officer-affiant willfully included misstatements of facts in the affidavit of probable cause which misrepresented the existence of the informant or the information supplied by the informant as required by the *Bonasorte* test. Apart from Appellee's assertion that he was either at work or home alone during the remaining forty-seven and one-half hours of the relevant time period, this evidence does nothing to call into question the veracity of the police officer-affiant's averment that a controlled buy occurred. It is important to note that the CI in this case was not an eyewitness to the events for which Appellee was being prosecuted. *See Commonwealth v. Payne,* 540 Pa. 54, 656 A.2d 77 (1994) (wherein our Supreme Court distinguishes cases where the informant provides probable cause for the issuance of a search warrant from non-warrant cases where the informant is a material witness to the commission of the crime). Furthermore, Appellee has made no showing that the testimony of the CI would have been relevant and helpful to any particular theory of the defense.[4]

Rather, Appellee's proof amounts to little more than a bald denial and a mere allegation that the CI's identity may have been helpful to challenge the credibility of the police officer concerning the existence of the confidential informant and the validity of the information provided. This is the type of proof that the *Bonasorte* court noted would be insufficient:

Of course, if the only "evidence" produced at the suppression hearing is a defendant's bald assertion (e.g., that the informant does not exist or that the affiant misrepresented information conveyed by informant), then the defendant has failed to meet his threshold burden. In such a situation, since the evidence is clearly insufficient, the suppression court has no reason, or need, to balance the evidence before it against the government's privilege.

*Bonasorte,* 486 A.2d at 1374.

¶ 9 Moreover, in *Brown* we merely found that the suppression court erred in not compelling the name that the CI used to gain admittance to the apartment building (which we note may not necessarily have been the actual name of the CI) to corroborate the averments made in the affidavit. We did not compel production of the CI. *Brown,* 836 A.2d at 996. Here, unlike *Brown,* Appellee seeks more than a name for comparison purposes but rather the actual production of the CI referred to as MUFFIN so that he or she may be cross-examined with regard to the controlled buy described in the affidavit. If we were to conclude that the instant evi-

---

4. In discussing situations which might compel the disclosure of an informant's identity this Court has observed:

For example, the informant's identity may be necessary to the defense where the evidence against the defendant proceeds solely from the testimony of police officers, and the only relatively neutral eyewitness to the crime is the informant. *See Commonwealth*

*v. Carter,* 427 Pa. 53, 233 A.2d 284 (1967). Other situations where the informant's identity would be helpful are where the defendant alleges entrapment or where there is an identification issue. *See Commonwealth v. Williams,* [236 Pa.Super. 184, 345 A.2d 267 (1975)].

*Commonwealth v. McGinn,* 251 Pa.Super. 170, 380 A.2d 431, 433 (1977) (*en banc*).

dence was sufficient to satisfy the threshold burden articulated in *Bonasorte,* every suspect subject to a search warrant under analogous circumstances would be able to assert that a controlled buy with a CI never occurred and thereby request production of the CI knowing the Commonwealth's reluctance to expose its confidential informants, thereby hoping that the Commonwealth either withdraws the charge or suffers suppression so as to protect its witness from possible harm. As this Court has repeatedly noted, there is an important "public interest in protecting the free flow of information" in furtherance of effective law enforcement. *See Bonasorte, supra,* 486 A.2d at 1372 (discussing the seminal balancing test of *Roviaro v. U.S.,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)). Without any good faith basis for believing that the informant's identity would have been helpful to the defense, there are no grounds for production of the CI. Therefore, we find that the trial court abused its discretion in concluding that Appellee had met his burden that the affiant included intentional misstatements in the affidavit of probable cause.

¶ 10 Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

¶ 11 MUSMANNO, J. notes dissent.