J-S70037-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
        Appellee   :
:
        v.   :
:
TERRENCE FULLER,   :
:
        Appellant   :    No. 1272 EDA 2014

Appeal from the Judgment of Sentence Entered January 24, 2013,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0004317-2011

BEFORE:  LAZARUS, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED DECEMBER 15, 2014**

Terrence Fuller (Appellant), *pro se*, appeals *nunc pro tunc* from the

judgment of sentence entered following his convictions of four counts of

possession with the intent to deliver a controlled substance, four counts of

simple possession, and three counts of criminal use of a communication

facility.[1]  We affirm.

The relevant background underlying this matter can be summarized as

follows.  On May 24, 2011, with the assistance of a confidential informant

(CI), Pennsylvania State Trooper Terron Buchanon arranged to purchase 3.5

grams of cocaine from Appellant.  After the trooper and CI met Appellant,

Appellant sold the trooper cocaine.  On June 6, 2011, Trooper Buchanon

contacted Appellant by phone and arranged to purchase a half ounce of

---

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), and 18 Pa.C.S.
§ 7512, respectively.

* Retired Senior Judge assigned to the Superior Court.

cocaine. Later that day, the trooper purchased cocaine from Appellant. On June 8, 2011, Trooper Buchanon again called Appellant to purchase cocaine. The trooper met Appellant, and when Appellant got into the trooper's vehicle to complete the transaction, other troopers removed Appellant from the vehicle and arrested him.

Appellant filed several pretrial motions, including a motion to disclose the identity of the CI. The trial court denied those motions, and following a three-day trial, a jury found Appellant guilty of the above-noted crimes. The trial court sentenced Appellant on January 24, 2013. The following day, despite being represented by counsel, Appellant filed *pro se* a post-sentence motion. The trial court denied that motion on February 26, 2013.

On April 3, 2013, Appellant filed *pro se* a notice of appeal. On September 13, 2013, this Court issued a *per curiam* order dismissing Appellant's appeal due to his failure to file an appellate brief.

In December of 2013, Appellant filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. He requested that the lower court reinstate his right to a direct appeal. In February of 2014, Appellant filed a "Motion for Waiver of Counsel."

On April 10, 2014, the lower court granted Appellant's "Motion for Waiver of Counsel." The next day, the court issued an order stating that, after a video hearing and full colloquy regarding Appellant's desire to

represent himself, the court granted Appellant's request to reinstate his direct appeal rights.

Appellant timely filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b). After successfully seeking additional time to comply with the court's 1925(b) order, Appellant filed a 1925(b) statement. In his brief to this Court, Appellant asks us to consider the questions that follow.

> [1.] Did the trial court err in denying Appellant the right to confront and cross-examine the witness against him by refusing to allow Appellant to confront the [CI]?
>
> [2.] Did the trial court violate Appellant's discovery and due process rights when it failed to order disclosure of a CI material to Appellant's defense?

Appellant's Brief at 4 (trial court answers and unnecessary capitalization omitted).

In support of his first issue, Appellant argues that the trial court erred by allowing Trooper Buchanon to offer hearsay testimony regarding what the CI told the trooper about Appellant. It is well settled that, in order to preserve such a claim for appellate review, Appellant had to present it to the trial court. *See* Pa.R.E. 103(a) (stating, in relevant part, that a "party may claim error in a ruling to admit [] evidence only … if … [the] party, on the record … makes a timely objection, motion to strike, or motion *in limine*; and … states the specific ground, unless it was apparent from the context"); ***Commonwealth v. Pearson***, 685 A.2d 551, 555 (Pa. Super. 1996)

("Failure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Appellant's brief fails to identify where in the record he preserved this claim, in violation of Pa.R.A.P. 2117(c) and 2119(e).

The Commonwealth contends that Appellant waived this issue by failing to preserve it in the trial court. Commonwealth's Brief at 8-10. In his reply brief, Appellant suggests that he preserved this issue by filing his motion to disclose the CI's identity. Appellant's Reply Brief at 1-2.

Appellant's motion to disclose the identity of the CI makes no mention of hearsay testimony from Trooper Buchanon; moreover, Appellant did not present any argument on such an issue at the hearing on the motion. Appellant did lodge one hearsay objection to Trooper Buchanon's trial testimony. N.T., 11/15/2012, at 63-64. However, the objected-to testimony was related to Trooper Buchanon testifying about what another trooper had told him. *Id.* Accordingly, because Appellant raises this issue for the first time on appeal, it is waived.

In support of his second issue, Appellant argues that the trial court erred by denying his motion to disclose the identity of the CI. "Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion."

***Commonwealth v. Watson***, 69 A.3d 605, 607 (Pa. Super. 2013) (citation omitted).

With this standard in mind, we reviewed the parties' briefs, the certified record, and the pertinent law and have concluded that the opinion of the trial court, the Honorable Garrett D. Page, adequately addresses and properly rejects the issue and argument Appellant presents on appeal. We, therefore, adopt the court's opinion and affirm Appellant's judgment of sentence on the basis of that opinion. Trial Court Opinion, 6/20/2014, at 4-9. The parties shall attach a copy of the trial court's June 20, 2014 opinion to this memorandum in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2014

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      :

     :      **No. 4317-2011**

     :      *1272*

vs.      :      1271 EDA 2014

     :

TERRANCE FULLER      :

### OPINION OF THE COURT

Page, J.      *June 20, 2014*

### FACTS AND PROCEDURAL HISTORY

On November 14, 2012, a three-day jury trial was held on the above-captioned docket, and Appellant was found guilty of four counts of Possession with Intent to Deliver Cocaine (35 P.S. §780-113(a)(30)), four counts of Simple Possession (35 P.S. §780-113(a)(16)), and three counts of Criminal Use of a Communication Facility (18 Pa. C.S. § 7512). On January 24, 2013, Appellant was sentenced to five to ten years of imprisonment followed by three years probation.

Appellant filed a pre-trial Motion to Disclose the Identity of the Confidential Informant, and said Motion was denied on the basis that Appellant failed to prove that the confidential informant's testimony would exculpate him and assist him in proving a defense of entrapment.

At the pre-trial hearing on Appellant's Motion, Trooper Terron Buchanon testified that he was involved as an undercover officer to purchase cocaine from Appellant, who was a suspected drug dealer. (N.O.T. 11/14/2012, p.39). Trooper Buchanon enlisted the assistance of a confidential informant to arrange a drug purchase of 3.5 grams of cocaine from Appellant on May 24, 2011. *Id.* The confidential informant contacted Appellant by telephone, and they agreed to meet at the Wal-Mart in East Norriton. *Id* at 40. However, Appellant told Trooper Buchanon and the confidential informant that the correct location was the Walgreens in Norristown and not

the Wal-Mart in East Norriton. *Id* at 41. The informant and Appellant ultimately agreed to meet at the CVS located a block west of the Walgreens on Main Street. *Id.* at 42. After Trooper Buchanon and the informant arrived at the CVS, the confidential informant identified Appellant as the person to whom he spoke with on the telephone to arrange the drug purchase. *Id.* Trooper Buchanon handed Appellant two-hundred dollars to purchase the cocaine, and Appellant accepted the money and placed it into his pocket. *Id.* at 42. However, after Appellant accepted the money, he became suspicious of the confidential informant and requested to talk to the informant outside of the presence of Trooper Buchanon. *Id.* Appellant then handed the money back to Trooper Buchanon. *Id.* Appellant and the informant engaged in a brief conversation approximately fifteen feet away from Trooper Buchanon, and at the end of the conversation, Appellant sold 1.9 grams of cocaine to Trooper Buchanon, Id at 43. The purchase was conducted in Trooper Buchanon's vehicle in the presence of the confidential informant. *Id.* at 44.

On May 25, 2011, the day after the first drug transaction, Appellant called Trooper Buchanon and stated that he did not trust the confidential informant because he was concerned that the informant could possibly get him and Trooper Buchanon arrested. *Id.* at 47. Appellant further questioned whether Trooper Buchanon had a valid driver's license and valid tags on his vehicle. *Id.*

A second drug purchase was arranged by Trooper Buchanon on June 6, 2011. Trooper Buchanon called Appellant on the same cell phone number as previously used during the first buy on May 24, 2011. Subsequently, Appellant sold Trooper Buchanon a half ounce of cocaine in Trooper Buchanon's vehicle. *Id.* at 48.

Trooper Buchanon then arranged a third and final drug purchase on June 8, 2011, whereby Trooper Buchanon was to purchase an ounce of cocaine. *Id.* at 50. Appellant informed

2

Trooper Buchanon that he would meet him at the Applebee's in Limerick which was outside of Norristown where both parties had met for the previous transactions. *Id.* at 52. Trooper Buchanon was concerned for his safety because this transaction involved a larger quantity of cocaine and Appellant was known to have had someone robbed in the past. *Id.* For this reason, Appellant was arrested before execution of the third sale. *Id.*

After a jury trial on November 16, 2012, Appellant was found guilty and then sentenced on January 24, 2013 to 5 – 10 years on Possession With the Intent to Deliver and related charges.

On April 3, 2013, Appellant filed an appeal challenging this Court's February 26, 2013 Order which denied Appellant's Motion for Post-Verdict Relief. Consequently, this Court issued a June 13, 2013 Opinion addressing the issues contained in the May 20, 2013 Statement of Matters Complained of on Appeal. However, the Superior Court dismissed the appeal on September 24, 2013 for counsel's failure to file a Brief for Appellant. Appellant proceeds pro se.

This Court granted Appellant's Petition to Reinstate Appeal before the Superior Court of Pennsylvania in an April 11, 2014 Order, and on April 21, 2014, Appellant filed a second appeal. In the second Statement of Matters Complained of on Appeal filed on May 19, 2014, Appellant has rephrased the same issues contained in the initial Concise Statement. As the substance of this appeal is identical to the initial Opinion, this Court will incorporate the reasoning of the prior Opinion.

## ISSUES

In the Concise Statement of Matters Complaint of on Appeal, Appellant raises the following issues:

3

1. Did the trial court err in denying Appellant the right to confront and cross-examine the witnesses against him by refusing to allow him to confront the confidential informant?

2. Did the trial court violate Appellant's discovery and due process rights when it failed to order disclosure of a confidential informant material to his entrapment defense?

3. Appellant files this motion under the laws, statues [sic] and protection of the United States and Pennsylvania Constitution.

## STANDARD OF REVIEW

The standard of review for a trial court's denial of a request to disclose the identity of a confidential informant is abuse of discretion. *Com. v. Withrow*, 932 A.2d 138, 140 (Pa. Super 2007).

## ANAYLYSIS

### A. THE COURT PROPERLY DENIED APPELLANT'S PRE-TRIAL MOTION TO DISCLOSE THE IDENTITY OF A CONFIDENTIAL INFORMANT.

A trial court has the discretion to require the Commonwealth to disclose the identity of a confidential informant despite its qualified privilege of nondisclosure where a defendant can demonstrate that disclosure is material to the defense, reasonable, and in the interests of justice.

4

*Com. v. Carter*, 233 A.2d 284, 285 (Pa. 1967); *Com. v. Johnson*, 33 A.3d 122, 127 (Pa. Super. 2011); *Com. v. Washington*, 63 A.3d 797, 801 (Pa. Super. 2013). The Confrontation Clause is not "like a scythe that indiscriminately cuts down both the wheat and the chaff." *Com. v. Herrick*, 660 A.2d 51, 59 (Pa. Super. 1995). Courts must apply a balancing test when deciding a request for production of a confidential informant, and the balance initially weighs in favor of maintaining the confidentiality of an informant's identity to preserve the public's interest in effective law enforcement. *Com v. Baker*, 946 A.2d 691, 695 (Pa. Super, 2008). Accordingly, to overcome this presumption, a defendant must demonstrate a nexus between a defense theory and the informant's potential helpfulness in establishing that defense. *Com. v. Davis*, 465 A.2d 669, 673 (Pa. Super. 1983). A defendant must allege a defense theory such as mistaken identity or entrapment which would require the testimony of a confidential informant. *Baker*, 946 A.2d at 695.

In the instant case, Trooper Terron Buchanon testified that he was involved as an undercover officer to purchase cocaine from Appellant, who was a suspected drug dealer. (N.O.T. 11/14/2012, p.39). Trooper Buchanon enlisted the assistance of a confidential informant to arrange a drug purchase of 3.5 grams of cocaine from Appellant on May 24, 2011. *Id.* The confidential informant contacted Appellant by telephone, and they agreed upon a location at which to meet. *Id.* at 40. However, there was a discrepancy as to whether the parties were to meet at the Wal-Mart in East Norriton or the Walgreens in Norristown, *Id.* at 41. The informant then spoke to Appellant on the telephone a second time after the informant and Trooper Buchanon arrived at Wal-Mart since there was anonther discrepancy as to the agreed upon location. *Id.* The informant and Appellant had a third conversation in which Appellant told the

informant to meet him at the CVS located a block west of the Walgreens on Main Street. *Id.* at 42.

After Trooper Buchanon and the informant arrived at the CVS, the confidential informant identified Appellant as the person with whom he spoke on the telephone to arrange the drug purchase. *Id.* Trooper Buchanon handed Appellant two-hundred dollars to purchase the cocaine, and Appellant accepted the money and placed it into his pocket. *Id* at 42. However, after Appellant accepted the money, he became suspicious, requested to talk to the confidential informant alone, and gave the money back to Trooper Buchanon. *Id.* Appellant and the informant engaged in a brief conversation approximately fifteen feet away from Trooper Buchanon, and at the end of the conversation, Appellant sold 1.9 grams of cocaine to Trooper Buchanon. *Id* at 43. The purchase was conducted in Trooper Buchanon's vehicle in the presence of the confidential informant. *Id* at 44. On May 25, 2011, the very next day after the first drug transaction, Appellant called Trooper Buchanon and stated that he did not trust the confidential informant because he was concerned that the informant could possibly get him and Trooper Buchanon arrested *Id.* at 47. Therefore, Appellant did not want the confidential informant to have any subsequent involvement in the purchases. *Id.*

There was a subsequent drug transaction on June 6, 2011 whereby Trooper Buchanon called Appellant and arranged a purchase of a half-ounce of cocaine without the assistance of the confidential informant. *Id* at 48. The two met at the Walgreens on Main Street, and Appellant sold Trooper Buchanon a half-ounce of cocaine in Trooper Buchanon's vehicle. *Id.* Lastly, on June 8, 2011, Trooper Buchanon again called Appellant and arranged a third drug purchase without the help of the informant, *Id* at 50.

6

The Pennsylvania Superior Court has held that in cases where the informant is not an eyewitness and has no firsthand knowledge about the incident, the need for disclosure of the confidential informant's identity is greatly reduced. *Com. v. Mascardelli*, 774 A.2d 754, 757 (Pa. Super 2001). Here, the confidential informant was merely used to introduce Trooper Buchanon to Appellant for the purpose of making the first drug purchase on May 24, 2011. *See, Id.* at 39. The confidential informant was not used for the subsequent June 6, 2011 and June 8, 2011 purchases. *See, Id.* at 48, 50. Notably, Trooper Buchanon was able to identify Appellant during the second and third drug purchase without the confidential informant by using the same telephone number that was used during the first arranged purchase on May 24, 2011 and firsthand observation of Appellant. *Id* at 75. Trooper Buchanon was present for all stages of the three arranged purchases, and therefore, he was best able to testify as a police officer-affiant about the facts of the drug purchases from the Appellant. Therefore, testimony from the confidential informant was not needed since the informant did not possess any material facts or information outside of Trooper Buchanon's knowledge.

Although Appellant properly raised the defense theory of entrapment, Appellant was not able to overcome the Commonwealth's qualified privilege of non-disclosure of a confidential informant's identity and demonstrate facts that the informant's testimony would have exculpated him in establishing the elements of entrapment. *See, Com. v. Hritz*, 663 A.2d 775, 779 (Pa. Super 1995). A mere assertion that disclosure would be helpful in establishing a defense is not enough to override the Commonwealth's qualified privilege. *Id.* The two elements Appellant must prove are: first, evidence that the defendant is not disposed to commit the crime, and second, evidence of conduct likely to entrap the innocently disposed. *Id.* The second element is an objective test. *Id.* Appellant was required to prove that disclosure of the confidential informant's identity would

7

have materially aided him in presenting his defense and that the information was not obtainable from another source. *Id* at 780.

Here, this Court applied the objective test of entrapment, and Appellant failed to show that disclosure of the informant's identity would have assisted him in proving the two abovementioned elements of entrapment. Appellant argued at the time of his pre-trial Motion that there was some possible enticement to execute the purchase by the confidential informant since the informant and Appellant had a brief conversation outside of the presence of Trooper Buchanon. However, this conversation followed certain actions by the Appellant that undermine the argument that the criminal scheme originated with the informant. Leading up to the first drug transaction on May 24, 20111, Appellant agreed to a meeting, brought cocaine to the arranged meeting to sell to Trooper Buchanon, and got into Trooper Buchanon's vehicle to execute the sale. N.O.T. 11/14/2012, at 43-44.

Additional evidence weighs against the argument for entrapment, unrelated to the timing of the conversation outside the presence of Trooper Buchanon. First, Appellant arranged the meeting place at the Walmart in East Norriton and was irritated that Trooper Buchanon and the confidential informant misinterpreted the location as the Walgreens in Norristown *Id.* at 40-41. Second, Appellant contacted Trooper Buchanon by telephone on May 25, 2011 and expressed his suspicion of the confidential informant, and stated that he did not want the informant to have further involvement in the transactions. *Id* at 47. Appellant further stated his concern that the confidential informant was going to get Appellant and Trooper Buchanon arrested, and Appellant questioned whether Trooper Buchanon had a valid driver's license and valid tags on his vehicle. *Id.* Appellant's actions indicate that he was, in fact, disposed to commit the crime and that there was no conduct likely to entrap the innocently disposed.

8

It is clear that Appellant was evading a potential arrest. The fact that Appellant returned the two-hundred dollars back to Trooper Buchanon which was given to purchase the cocaine, is insignificant since Appellant's motive for doing so was distrust of the confidential informant. Therefore, Appellant did not demonstrate the two elements of entrapment set forth in *Hritz*, Appellant's right to confrontation were not violated by non-disclosure of the confidential informant, use of the confidential informant by law enforcement was proper, and the Court did not abuse its discretion in denying Appellant's request to disclose the identity of the confidential informant.

## CONCLUSION

For all of the aforementioned reasons, this Court's decision and sentence should be

**AFFIRMED AND UPHELD.**

**BY THE COURT:**

**GARRETT D. PAGE,** **J.**

Copies of the above Opinion
Mailed on 6-20-2014
By Interoffice Mail to:
Anne Schools, Court Administration
Montgomery County District
Attorney- Appellate Division
By First Class Mail to:
Terrence Fuller, Defendant

Judicial Secretary

9