J-S20020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND RYAN | |
| Appellant | No. 1602 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 16, 2019
In the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0003965-2017

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 03, 2020**

Appellant Raymond Ryan appeals from the May 16, 2019 judgment of sentence entered in the Court of Common Pleas of Delaware County ("trial court"), following his bench convictions for person not to possess a firearm, possession with intent to distribute a controlled substance, and possession of drug paraphernalia.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.[2]  Briefly, on June 22, 2017, a warrant was issued for 122 Bartlett Avenue and its occupant "Trey" for the purposes of searching for and seizing controlled substances.  Trey was not found at 122 Bartlett Avenue during the search.

---

[1] 18 Pa.C.S.A. § 6105(a)(1) and 35 P.S. § 780-113(a)(30) and (32), respectively.

[2] Unless otherwise specified, these facts come from the trial court's November 7, 2019 opinion.  **See** Trial Court Opinion, 11/7/19, at 1-7.

However, Appellant [] who resides at the address was home during the search. As a result of the search, Appellant was arrested and charged with the above-mentioned crimes.

Appellant filed three pretrial motions: (1) a "Motion to Suppress Physical Evidence"; (2) a "Motion to Produce Confidential Informant"; and (3) a "Motion to Suppress Statement". On August 17, 2018, the trial court conducted a hearing on the pretrial motions, at which Appellant offered the testimony of his wife, Vonetta Stokes, and his daughter, J.S. Following the hearing, the trial court denied Appellant's pretrial motion to suppress physical evidence and motion to produce confidential informant.[3]

Appellant proceeded to a bench trial, following which the trial court found him guilty of person not to possess a firearm, possession with intent to distribute a controlled substance and possession of drug paraphernalia. On May 16, 2019, the trial court sentenced Appellant to an aggregate term of 4 to 8 years' imprisonment. Appellant did not file any post-sentence motions. Rather, he filed a timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises two issues for our review.

[I.] Whether the trial court erred by denying Appellant's various pretrial motions?

_____

[3] Appellant withdrew his pretrial motion to suppress statement. ***See*** N.T. Hearing, 8/17/18, at 67 ("[W]e withdraw the Motion to Suppress Statement.").

[II.] Whether the trial court erred by precluding the testimony and subsequent cross-examination of the affiant to search warrant #2070619M0613?

Appellant's Brief at 3 (unnecessary capitalization omitted).[4]

Appellant's first argument implicates the denials of two distinct pretrial motions: (1) motion to suppress physical evidence and (2) motion to produce confidential informant. We first address Appellant's argument that the statements contained in the affidavit accompanying the search warrant were overbroad and insufficient to support probable cause. *Id.* at 10. As a result, Appellant argues that physical evidence should have been suppressed. We disagree. As we have explained:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Mbewe*, 203 A.3d 983, 986 (Pa. Super. 2019) (quotations and citations omitted). Our scope of review of suppression rulings

---

[4] To the extent Appellant seeks to assert any claims with respect to his motion to suppress statement, such claims are not properly before us because, as noted earlier, Appellant withdraw the motion on August 17, 2018.

includes only the suppression hearing record and excludes evidence elicited at trial. *In the Interest of L.J.*, 79 A.3d 1079, 1085 (Pa. 2013).

> With regard to search warrants, we have explained:

> It is well-established that for a search warrant to be constitutionally valid, the issuing authority must decide that probable cause exists at the time of its issuance, and make this determination on facts described within the four corners of the supporting affidavit, and closely related in time to the date of issuance of the warrant. It is equally well established that a reviewing court must pay great deference to an issuing authority's determination of probable cause for the issuance of a search warrant. Moreover, our Supreme Court has recognized that affidavits supporting search warrants normally are prepared, by nonlawyers in the midst and haste of a criminal investigation, and, accordingly, said affidavits, should be interpreted in a common sense and realistic fashion rather than in a hypertechnical manner.

*Commonwealth v. Korn*, 139 A.3d 249, 253 (Pa. Super. 2016) (quoting *Commonwealth v. Griffin*, 24 A.3d 1037, 1043 (Pa. Super. 2011)) (brackets and quotation marks omitted). "[P]robable cause exists when, based upon a totality of the circumstances set forth in the affidavit of probable cause, there is a fair probability that evidence of a crime will be found in a particular place." *Korn*, 139 A.3d at 254 (quoting *Commonwealth v. Lyons*, 79 A.3d 1053, 1064 (Pa. 2013)).

Here, based upon our review of the record, we agree with the trial court's denial of Appellant's motion to suppress physical evidence. As the trial court reasoned:

> In this case, the affidavit of probable cause provided the following information. The qualifications of both the affiant and the confidential informant in the area of controlled substances were recited. Additionally, the informant's prior assistance to police was recounted which resulted in the seizure of controlled substances and arrests which led to convictions. The informant advised affiant that a person known as "Trey" was selling drugs from his residence at 122 Bartlett Avenue. Based on this

information, on three occasions during the month of June 2017, affiant provided currency to the informant to make heroin purchases from "Trey" at 122 Bartlett Avenue. Affiant searched the informant and provided a quantity of currency before each buy. During the second buy affiant observed an unknown black juvenile allow the informant into the residence at 122 Bartlett Avenue. During the third buy affiant observed "Trey" allow the informant into the residence at 122 Bartlett Avenue. For each buy, the informant was under constant police surveillance from the time he left the affiant to make the purchase and until he returned to the affiant. At no time did the informant make any other stops or meet with other individuals as he went to and from 122 Bartlett Avenue. After each buy, the informant returned to the affiant without the currency and with clear bags containing blue wax paper that housed a white powdery substance. Affiant conducted a field test of the substance after each buy and received a positive reaction for the presence of heroin. Within 48 hours of the application of the search warrant, the informant, while in the presence of the affiant, spoke with "Trey" who told the informant that he ("Trey") was in possession of additional heroin available for sale at 122 Bartlett Avenue. Magisterial District Judge 32-2-46 issued the warrant on June 20, 2017, the same day as filed by the affiant. The magistrate, based on the totality of the circumstances presented within the four corners of the affidavit, found there was probable cause. The reliability of the informant was established by affiant's past dealings with the informant. The information provided by the informant regarding 122 Bartlett Avenue was corroborated on three occasions, within a twenty-day period, by affiant's first-hand observations. Within 48 hours of application for the search warrant, the informant in the presence of the affiant, spoke with "Trey" confirming the availability of heroin for sale at 122 Bartlett Avenue. Under the circumstances presented in this case, the magistrate rightly concluded that there was a fair probability that drug selling was taking place at 122 Bartlett Avenue. Therefore, Appellant's motion to suppress the search warrant was denied.

Trial Court Opinion, 11/7/19, at 3-4 (record citations omitted). Given the foregoing, we agree with the trial court's analysis and conclude that Appellant does not obtain relief.

We now turn to Appellant's argument that the trial court abused its discretion in denying his motion to produce confidential informant. Specifically, Appellant argues that the informant "is the only available eyewitness who could substantiate the criminal allegations against Appellant,"

*i.e.*, that Appellant possessed narcotics. Appellant's Brief at 17. As the trial court and the Commonwealth aptly note, Appellant's request for disclosure of the informant's identity is premised only on his allegation, which we address in more detail ***infra***, that the affiant willfully included misstatements of fact in the affidavit accompanying the search warrant. Commonwealth's Brief at 16; Trial Court Opinion, 11/7/19, at 7.

"Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." ***Commonwealth v. Watson***, 69 A.3d 605, 607 (Pa. Super. 2013) (citation omitted).

Rule of Criminal Procedure 573 provides that a trial court has the discretion to require the Commonwealth to reveal the names and addresses of all eyewitnesses, including confidential informants, where a defendant makes a showing of material need and reasonableness:

> (a) In all court cases, except as otherwise provided in Rule 230 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:
>
> > (i) the names and addresses of eyewitnesses.
>
> > . . . .

Pa.R.Crim.P. 573(B)(2)(a)(i).

> The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. In order to overcome this qualified privilege and obtain disclosure of a confidential

informant's identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable. Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth.

In striking the proper balance, the court must consider the following principles:

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations[,] the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

> [N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Commonwealth v. Marsh*, 997 A.2d 318, 321-22 (Pa. 2010) (internal citations omitted) (alteration in original).

In *Commonwealth v. Baker*, 946 A.2d 691 (Pa. Super. 2008), we reviewed the following principles regarding disclosure of confidential informants.

> [A] defendant seeking production of a confidential informant at a suppression hearing must show that production is material to his defense, reasonable, and in the interest of justice. By this we

mean that the defendant must demonstrate some good faith basis in fact to believe that a police officer-affiant willfully has included misstatements of facts in an affidavit of probable cause which misrepresents either the existence of the informant or the information conveyed by the informant; that without the informant's information there would not have been probable cause; and that production of the informant is the only way in which the defendant can substantiate this claim.

*Baker*, 946 at 693, quoting *Commonwealth v. Bonasorte*, 486 A.2d 1361, 1373–1374 (Pa. Super. 1984) (*en banc*). "The defendant need not predict exactly what the informant will say, but he must demonstrate a reasonable probability the informant could give evidence that would exonerate him." *Commonwealth v. Belenky*, 777 A.2d 483, 488 (Pa. Super. 2001). "[I]f the only 'evidence' produced at the suppression hearing is a defendant's bald assertion (*e.g.*, that the informant does not exist or that the affiant misrepresented information conveyed by the informant), then the defendant failed to meet his threshold burden." *Bonasorte*, *supra* at 1374. "More is necessary than a mere assertion by the defendant that such disclosure might be helpful in establishing a particular defense." *Commonwealth v. Herron*, 380 A.2d 1228, 1230 (Pa. 1977). Only after the defendant has met this burden will the court weigh the defendant's proof against the government's need to withhold the informant's identity. *See Bonasorte*, 486 A.2d at 1274.

Here, the trial court found that Appellant failed to demonstrate that the affiant willfully included misstatements of fact in the affidavit. The court explained:

There was no testimony indicating that the affiant either misrepresented the existence of the informant or misrepresented the information conveyed by the informant. The affidavit did not rely solely on information received from the informant. The affiant

confirmed the informant's information by first-hand observations which established probable cause. Finally, the Appellant has failed to demonstrate that the production of the informant is the only way in which he can substantiate his claim.

Trial Court Opinion, 11/7/19, at 7. Thus, given Appellant's bald assertions and the affiant's first-hand observations, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to produce confidential informant. Accordingly, Appellant is not entitled to relief.[5]

Lastly, and relatedly, we address Appellant's claim that the affiant, Detective Bannar, omitted certain facts from the affidavit accompanying the search warrant, and thus that the trial court erred in denying his request for a hearing to review his challenge to the validity of the search warrant. Appellant's Brief at 21.

It is settled that a warrant based on a deliberate or knowing misstatement of fact would be invalid. *Franks v. Delaware*, 438 U.S. 154 (1978). In *Franks*, the United States Supreme Court held that "where a defendant demonstrates that an affiant in a warrant affidavit made a false statement knowingly and intentionally, or with reckless disregard for the truth, the search warrant must be voided, unless the affidavit's remaining content is

---

[5] Insofar as Appellant relies on *Commonwealth v. Payne*, 656 A.2d 77 (Pa. 1994) to compel a different outcome, such reliance is misplaced and *Payne* is distinguishable. There, the appellant asserted a claim for misidentification. As the Commonwealth points out, here "on one is suggesting that [Appellant] is the person from whom the informant made his three controlled purchases." Commonwealth Brief at 17.

sufficient to establish probable cause." ***Commonwealth v. Rega***, 70 A.3d

777, 783 (Pa. 2013). With regard to truthful statements in an affidavit:

> [t]his does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true.

***Franks***, 438 U.S. at 165.

> Instantly, the trial court reasoned:

> In this case, Appellant presented two witnesses at the suppression hearing: [his] wife, Ms. Stokes, and their thirteen-year -old daughter, Ms. J.S. These witnesses testified that on two separate occasions an individual who came to the house asking for "Trey" was turned away. Appellant argued that the ***omission*** of the family turning away an individual who came to 122 Bartlett Avenue asking for "Trey" was highly relevant and that if the affidavit had included this information probable cause would have been vitiated. Ms. Stokes testified that she, [Appellant], and their seven children lived at 122 Bartlett Avenue during the time in question. . . . During direct examination, Ms. Stokes testified that she did not know "Trey." She went on to testify that on June 19th while she and [Appellant] were in their upstairs bedroom, their daughter [J.S.] told them there was someone at the door asking for "Trey." Ms. Stokes and [Appellant] did not go downstairs or see who the individual was at the door. Their daughter went back downstairs, and Ms. Stokes "heard nothing else of it." Ms. Stokes then testified that on June 20th while she and [Appellant] were in their upstairs bedroom, their daughter [J.S.] told them that the man was at the door asking for "Trey" again. [Appellant] went downstairs to tell the man that no "Trey" lived there. On cross-examination, Ms. Stokes testified that during the time in question, her eighteen-year-old son [] was living at home, did not work, sometimes had friends over, and was not present when the search warrant was executed.

> Assuming Ms. Stokes' testimony to be true, it in no way established that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the warrant affidavit. Ms. Stokes' testimony only established that an individual, who may or may not have been the confidential informant, looking for "Trey," was turned away from 122 Bartlett Avenue on June 19th and 20th. Even if it is assumed that (1) the individual who was turned away was the confidential informant and (2) that the affiant knew of his being turned away, this would

> be ***an omission*** of information from the affidavit, ***not the inclusion*** of a false statement. However, even if the affidavit included the allegedly omitted information, there still would have been sufficient probable cause based on: the reliability of the informant, the information provided by the informant regarding 122 Bartlett Avenue, corroboration of the information by affiant's first-hand observations of 122 Bartlett Avenue, and the affiant's presence during a conversation between the informant and "Trey" within 48 hours of application for the search warrant. Appellant failed to establish that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the warrant affidavit. Accordingly, the trial court properly denied Appellant's request to examine the affiant in order to obtain details surrounding the confidential informant.

Trial Court Opinion, 11/7/19, at 5-6 (record citations omitted) (emphasis added). Based on the trial court's cogent explanation, which we adopt as our own, we conclude that the court did not err in denying Appellant relief under ***Franks***. Critically, Appellant's argument, while couched as the inclusion of a misstatement of fact, merely implicated the omission from the affidavit of facts Appellant deemed material. ***See Commonwealth v. Randolph***, 151 A.3d 170, 184 (Pa. Super. 2016) (noting that an affidavit must be judged "by what it includes, not by what potentially helpful information it omits"), ***appeal denied***, 168 A.3d 1284 (Pa. 2017).

In sum, we conclude that the trial court did not: (1) err in denying Appellant's motion to suppress physical evidence, (2) abuse its discretion in denying his motion to produce confidential informant, and (3) err in denying him relief under ***Franks***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/20