Commonwealth *v.* Lloyd, Petitioner.

Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Melvin Dildine,* Assistant Defender, with him *Robert Ginsburg* and *Martin Vinikoor,* Assistant Defenders, and *Herman I. Pollock,* Defender, for petitioner.

*Welsh S. White,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, October 31, 1967:

Appellant was convicted after a nonjury trial in Philadelphia on September 30, 1966 of felonious pos-

session and sale of narcotic drugs. The Superior Court affirmed appellant Lloyd's conviction without opinion; a petition for allowance of appeal followed. This petition is granted, the Superior and trial courts are reversed and a new trial is granted.

The prosecution's sole witness to the alleged "buy" of narcotics was LaForrest Russell, a Federal Bureau of Investigation undercover agent. Russell testified that he was introduced to appellant by an informer and that appellant sold heroin to him in the informer's presence. Agent Russell admitted that this transaction was his only contact with Lloyd. Lloyd, on the other hand, while admitting that he was at the scene of the purchase, insisted that Russell had purchased the narcotics from one Robert Mathis.

Despite timely and repeated requests by defense counsel, the trial court refused to order the Commonwealth to disclose the name and whereabouts of the informer who was, as Russell admitted, an eyewitness to the purchase of narcotics. There is no distinction, factual or legal, between this litigation and the matter before us in *Commonwealth v. Carter*, 427 Pa. 53, 233 A. 2d 284 (1967). Both cases involve undercover agents introduced to alleged narcotics sellers, an undisclosed informer as the only other eyewitness to the transaction, one contact between the agent and defendant, and the defense of mistaken identity.

Granting a new trial in *Carter* because of the Commonwealth's refusal to disclose the identity of the informer eyewitness, we stated (supra at 61, 233 A. 2d 288):

"Elemental to our concept of fairness, as well as that embodied in the federal constitution, is the awareness that the testimonial perspective of police officers is conditioned by the 'often competitive enterprise of ferreting out crime.' [Citation omitted.] This awareness makes us reluctant to permit the establishment of

facts crucial to criminal guilt solely by police testimony based on a single observation *where testimony from a more disinterested source is available.* Thus, while disclosure might not be necessary in a case where police evidence as to crucial facts was corroborated by neutral witnesses, we are unwilling to do so in a case like the instant one." (Emphasis in original.) That observation is equally applicable to Lloyd's conviction for the two cases are identical twins.

The petition for allocatur is granted. The order of the Superior Court is reversed, the judgment of the Court of Quarter Sessions of Philadelphia County is reversed and a new trial is granted.