344 A.2d 496
COMMONWEALTH of Pennsylvania
v.
Carl Milo WASHINGTON, Appellant (two cases).

Supreme Court of Pennsylvania.

Argued March 10, 1975.

Decided Oct. 3, 1975.

Sherman K. Levine, New Castle, for appellant.

Paul W. Johnson, Asst. Dist. Atty., New Castle, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Carl Milo Washington, was tried and convicted of burglary, larceny, receiving stolen goods, and possession of burglary tools in the Court of Common Pleas of Lawrence County. Post-verdict motions were denied and on appeal in the Superior Court, the judgment of sentence was affirmed. A petition for allowance of appeal in this Court was granted, but limited to the question of whether the trial court erred in refusing to require the Commonwealth to disclose the identity of the informant who led to appellant's arrest.

Appellant did not deny committing the acts with which he was charged. Rather, he offered the affirmative defense of entrapment. The defense account of the events is as follows: Appellant and his co-defendant in the trial court, Anthony Frank Testa, resided in Cleveland, Ohio, and had never been in Lawrence County prior to May 8, 1970, the date of the attempted burglary. Appellant testified that he had met a man named Mike Gisondi in March or April of 1969, and that a few weeks before May 8, 1970, Gisondi visited him at appellant's home twice, in a fruitless attempt to convince appellant and Testa to assist him in a burglary. Finally, on May 7, 1970, Gisondi convinced appellant and Testa to participate in the burglary and arranged for a meeting in Pennsylvania on the following morning of May 8, 1970. The three met, as planned, and for the first time Gisondi revealed to appellant and Testa the place of the burglary.

The three drove in a truck to the site, where appellant and Testa made entry. Gisondi dropped off the burglary tools in the front of the house and then drove away, leaving appellant and Testa to the police who were waiting in the house about to be burglarized.

The police did not question appellant or Testa about the identity of the truck driver, whom they saw pull up to the residence about to be burglarized with appellant and Testa. On the Monday morning following the Friday arrest of the appellant, he was placed in a lineup in connection with a prior Beaver County robbery and assault, but was not identified.

The account of the prosecution at trial was the following. On the morning of May 7, 1970, a Beaver County detective received a call from an informant which related that a burglary was to be committed on the following day at a specific residence in Lawrence County. This information was related to the State Police who gained permission from the occupants of the residence to be burglarized to "stake-out" their home. Five police officers arrived at the site on the morning of May 8, 1970, and apprehended appellant and Testa after their forced entry into the residence. Burglary tools were found in a paper bag in the driveway and appellant, when arrested, was wearing gloves and holding a crowbar.

There was also evidence that the Beaver County detective, whom the informant contacted the day before the burglary, had had "dealings" with the informant approximately two weeks prior to the burglary and promised the informant that his cooperation would be related to the court when and if the informant should be brought before the court. The record does not disclose what the events were that might have been "brought before the court" or what the informant's cooperation concerned. There was also evidence that the Beaver County detective, who dealt with the informant, had known a Michael Gisondi since about 1948, about which time the Beaver

County detective had arrested him on Mann Act and kidnapping charges, and knew of various other encounters that Gisondi had with the law since 1948, including a recent conviction for stealing copper in Beaver County, for which Gisondi was placed on parole.

The problem which this appeal presents arises from the following question asked at trial by appellant's counsel of the Beaver County detective who received from the informant the initial information pertaining to the burglary: "And state whether or not the informer in this case was Michael Gisondi?" This question was the culmination of an attempt by appellant's counsel throughout the trial to obtain from the prosecution the name of the informant. All other attempts were frustrated and the prosecution's objection to the above quoted question was sustained. Appellant's motion to dismiss because of the failure of the prosecution to reveal the informant's name was denied.

We conclude that the Commonwealth's failure to disclose to appellant whether Gisondi was indeed the informant to the police requires a reversal of appellant's conviction and the granting of a new trial.

This Court decided in *Commonwealth v. Carter*, 427 Pa. 53, 233 A.2d 284 (1967), that the privilege of the government against disclosing the identity of police informants may not be exercised "where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause . . ." 427 Pa. at 59, 233 A.2d at 287.

*Carter* is particularly applicable to the instant case where the sole defense raised by appellant was that of entrapment. Asserting the defense of entrapment, appellant was attempting to establish that the informant was an agent of the police who had actually conceived, planned, urged the commission of the crime in the face of refusals by appellant, and then, participated in its oc-

currence. It appears unquestionably clear that testimony, naming Gisondi as the informant, were it forthcoming, would have had obvious relevancy to appellant's defense. An admission by the prosecution that Gisondi was the informant could have influenced the jury's thinking on the entrapment defense and could also have served to corroborate appellant's testimony that Gisondi conceived, planned and urged the perpetration of the crime.

The following statements in *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) on the question of the government's privilege of non-disclosure of informants is particularly significant to the instant case:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." 353 U.S. at 60–62, 77 S.Ct. at 628.

In this case, taking into consideration that appellant's only defense was entrapment and that the knowledge that Gisondi was the informant would certainly have been relevant to the presentation of appellant's entrapment defense, appellant's right to effectively prepare his defense outweighs whatever public interest there is in keeping the name of the informant a secret. We can only conclude that the revelation that Gisondi was the informant would have been "relevant and helpful to the defense." *Carter, supra,* 427 Pa. at 59, 233 A.2d at 287.

The order of the Superior Court is reversed, the judgment of sentence is vacated and a new trial granted.

JONES, C. J., dissents.