873 A.2d 1275

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Jerome BROWN, Appellee.**

Supreme Court of Pennsylvania.

Submitted Nov. 10, 2004.

Decided May 16, 2005.

Edward Michael Marsico, Jr, Harrisburg, James Patrick Barker, Williamsport, for the Com. of PA, appellant.

Monica D. Cliatt, George Shultz, Harrisburg, for Jerome Brown, appellee.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *ORDER*

PER CURIAM.

**AND NOW,** this 16th day of May, 2005, the Order of the Superior Court is hereby AFFIRMED.

Justice EAKIN files a dissenting statement in which Justice CASTILLE joins.

Justice EAKIN dissenting.

I respectfully dissent from the Court's *per curiam* affirmance of the Superior Court's order vacating appellee's judgment of sentence.

The magistrate issued a search warrant based on an affidavit of probable cause filed by veteran officer Levell Jenkins. The affidavit stated he received information from two reliable

CIs that appellee was selling crack cocaine, and that one CI, under the officer's supervision, made a purchase in appellee's apartment. Based on the subsequent search of appellee's apartment, and recovery of crack cocaine, plastic baggies, and a bag of marijuana, appellee was charged with numerous drug offenses.

Moving to suppress, appellee requested disclosure of the identity of the CI who participated in the drug buy; he argued a sign-in log for his apartment might establish the CI did not purchase drugs from him, and he sought to compare the CI's name with those in the log. *Commonwealth v. Brown*, 836 A.2d 989, 995–96 (Pa.Super.2003). The trial court denied this request. Appellee was convicted of all charges. The Superior Court vacated appellee's judgment of sentence and remanded. *Id.*, at 996.

We have recognized two scenarios where disclosure of a CI's identity becomes an issue when a CI provides probable cause for a warrant, and when a CI is a witness and misidentification is alleged. The test for the latter is set forth in *Commonwealth v. Payne*, 540 Pa. 54, 656 A.2d 77, 79 (1994), but the former is at issue here; hence, the precedential case is *Commonwealth v. Bonasorte*, 337 Pa.Super. 332, 486 A.2d 1361 (1984).

*Bonasorte* held the defendant must show the disclosure is material to his defense, reasonable, and in the interest of justice, then demonstrate 1) a good faith basis for believing the officer willfully misrepresented the existence of the CI or the information conveyed by the CI; 2) without the information from the CI, no probable cause existed; and 3) production of the CI is the only means of substantiating his claim. *Id.*, at 1373–74. Only after the defendant has met this burden will the court weigh his proof against the government's need to withhold the CI's identity. *Id.*, at 1374. A defendant must first make a "substantial preliminary showing" of potential falsity. *Commonwealth v. Miller*, 513 Pa. 118, 518 A.2d 1187, 1194 (1986). Where disclosure would jeopardize the safety of the CI, it will not be permitted. *Id.*, at 1195.

The Superior Court cited *Bonasorte,* then determined appellee met his burden of showing the identity of the CI was material to his defense, and that the request was reasonable and in the interest of justice. *Brown,* at 996. However, it concluded the trial court erred in requiring appellee to produce evidence there was material misstatement in the affidavit. Eliminating this threshold element, the Superior Court reasoned that, unless there was forced disclosure even without a preliminary showing of material misrepresentation, officers might be inclined to include false averments in an affidavit to ensure a search warrant is obtained.[1] *Id.,* n. 4. I find this reasoning unsupportable.

The Commonwealth contends appellee's only "basis in fact" was his own denial of the allegations, which is not a reason to believe the officer made material misrepresentations. *Bonasorte* properly rejects such a bald assertion of an officer's misrepresentation as a reason for disclosure of a CI's identity "[I]f the only 'evidence' produced at the suppression hearing is a defendant's bald assertion (*e.g.,* that [CI] does not exist or that the officer misrepresented information conveyed by [CI]), then the defendant has failed to meet his threshold burden." *Bonasorte,* at 1374. In this, the Commonwealth is correct— the Superior Court ignored the first prong of the test entirely.

The Superior Court concluded appellee was able to meet his burden by demonstrating the CI's identity was material to his defense, reasonable, and in the interest of justice, by averring the existence of the apartment sign-in log, which may or may not have contained the CI's name. While this appears to establish a possible *means* of testing the CI's credibility, it does not raise a *reason* to test it, which is the proper inquiry.

Further, the real suppression issue is not the CI's veracity—it is the officer's veracity. The warrant is validly issued if the officer reasonably believed what he told the magistrate—if

1. The Superior Court's *general* concern for the potential of material misrepresentations ignores the fact that the learned trial court here saw the officer and evaluated credibility, just as did the magistrate—any reason to doubt credibility was, or should have been, given to the court there. It was not. This goes beyond even the balancing approach of *Payne* and other cases where the CI is actually a witness.

he is later proven to be mistaken, the warrant is still valid. The sufficiency of any affidavit is measured by the magistrate's ability to evaluate the officer's assertions and credibility; this determination is no more undermined by subsequent attacks on the CI's veracity than it would be confirmed (as here) by the results of the search. Absent threshold reasons to question the *officer's* veracity, mere denial of the allegations by an accused is not, nor should it be, sufficient to meet the *Bonasorte* test. *Brown,* at 996.

As the Superior Court's decision is published, it is arguably the "final word" on the subject to this point, changing dramatically the test in *Bonasorte.* Such a change in the law should come from this Court, not a panel of the Superior Court ignoring its own precedent. A *per curiam* affirmance does not provide the Court with an opportunity to enunciate the correct standard for disclosure of the identity of persons in an affidavit of probable cause, and it allows the modification of a long-standing test without our review. In accordance with our decision to grant review in this case, I would review the merits of the Commonwealth's appeal and issue a published opinion addressing these important issues. Accordingly, I dissent.

Justice CASTILLE joins this dissenting statement.