J-S77014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARC S. BATES A/K/A MARC S. BATTES, | |
| Appellant | No. 291 MDA 2016 |

Appeal from the Judgment of Sentence of August 26, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001906-2014

BEFORE:  PANELLA, OLSON AND PLATT,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY OLSON, J.:

**FILED FEBRUARY 13, 2017**

I agree with my learned colleagues that the record compels us to reject Appellant's challenges to the weight and sufficiency of the evidence and to affirm the trial court's order refusing to admit the photograph of Appellant and his brother.  I am unable to agree, however, that the trial court erred in refusing to compel disclosure of the Confidential Informant's (CI) identity or in concluding that the testimony of Ali Marinkov, Appellant's girlfriend, was inadmissible because Appellant failed to give notice to the Commonwealth that she would testify as an *alibi* witness.  For these reasons, I concur in part and dissent in part.

As the Majority states, the Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source.  ***Commonwealth v.***

*Retired Senior Judge assigned to the Superior Court.

*Watson*, 69 A.3d 605, 607 (Pa. Super. 2013). To overcome that privilege, a defendant must demonstrate that the information sought is material to the defense and that his request is reasonable. *Id.* at 607-608. Once the defendant makes the requisite showing, the trial court must exercise its discretion in determining whether the circumstances warrant disclosure by balancing relevant factors, which initially tip toward the Commonwealth's favor. *Id.* As the Majority points out, "justice requires the disclosure of the CI's identity" if "a single police officer is the only eyewitness to a crime other than the CI, the arrest was not made shortly after the crime, and the defendant has presented evidence supporting a mistaken identity defense." *See* Majority Memorandum at 7, *citing* **Commonwealth v. Payne**, 656 A.2d 77, 80 (Pa. 1994). Disclosure may nevertheless be withheld where the Commonwealth demonstrates that revealing the identity of the CI could compromise the informant's safety. **Commonwealth v. Marsh**, 997 A.2d 318, 324 (Pa. 2010).

The Majority concludes that the factors identified in **Payne** support disclosure. Specifically, the Majority finds that Sergeant Hopkins was the sole source of identification evidence showing that Appellant conducted the transaction at issue. Majority Memorandum at 8. The Majority further finds that Sergeant Hopkins waited approximately one and one-half months to file charges in this case and that Appellant demonstrated his willingness to testify in support of his claim that he did not engage in the drug transaction

- 2 -

that forms the basis of the instant appeal. *Id.* Having found that Appellant met the factors identified in *Payne*, the Majority remands for further proceedings to assess safety risks to the CI.

I cannot agree with the Majority's application of the factors listed in *Payne*. In that case, the Supreme Court noted that disclosure was not required where potential corroboration of the officer's testimony existed. *See Payne*, 656 A.2d at 79. Indeed, the Court in *Payne* declared: "Fundamental requirements of fairness mandate disclosure if the informer is the **only** material witness besides the single police officer." *Id.* (emphasis added). Several circumstances lead me to conclude that, apart from the CI, Sergeant Hopkins was not the only eyewitness to the relevant events. At trial, Sergeant Hopkins testified that Appellant arrived at the site of the transaction in a white sedan driven by a Hispanic female. N.T., 6/10/15, at 25-26. Neither the parties nor the Majority dispute that the driver was Ms. Marinkov, Appellant's girlfriend.[1] In rejecting Appellant's sufficiency challenge, the Majority states, "it is undisputed on appeal that the vehicle used by the perpetrator was [Appellant's], and driven by [Appellant's]

---

[1] Appellant's position throughout this case is that he was misidentified as the seller of narcotics in the subject transaction and that, at this time, his girlfriend was in the practice of using his vehicle to transport other drug dealers to transaction sites in order to fund her drug habit. Hence, even Appellant's own theory of this case asserts that, apart from the CI, Sergeant Hopkins was **not** the only eyewitness to the illicit exchange.

girlfriend, [Ms.] Marinkov." Majority Memorandum at 4. Since it is undisputed that Ms. Marinkov was present at the transaction *sub judice*, it follows that Sergeant Hopkins was not the sole witness to the transaction (other than the CI) and that fundamental fairness does not mandate disclosure of the CI's identity. Given this conclusion, I do not believe that disclosure of the CI is required pursuant to the **Payne** factors and, therefore, I would not remand for the trial court to consider the issues surrounding the CI's safety.

I also cannot agree with the Majority's conclusion that the trial court erred in holding that Ms. Marinkov was an *alibi* witness and that Appellant's failure to provide notice to the Commonwealth barred admission of her testimony.[2] At trial, Appellant offered testimony from Ms. Marinkov to show that "at the time in question, she was using drugs and that she would drive [Appellant's] car for other individuals, not [Appellant], to sell narcotics." **Id.** at 9, *citing* N.T., 6/10/15, at 43-44. The Majority reasons that since Ms.

_____

[2] Under Pa.R.Crim.P. 567, notice of an *alibi* defense must be filed no later than the time required for filing an omnibus pretrial motion pursuant to Rule 579. Pa.R.Crim.P. 567(A). The notice must specify the intention to offer an *alibi* defense and "shall contain specific information as to the place or places where the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses whom the defendant intends to call in support of the claim." Pa.R.Crim.P. 567(A)(2). Failure to supply the required notice (or failure to identify an *alibi* witness) qualifies as grounds to refuse admission of the evidence (or witness) relating to the defense, other than testimony by the defendant. Pa.R.Crim.P. 567(B)(1) and (2).

Marinkov's testimony did not place Appellant at a particular location at the time of the instant offense, she did not constitute an *alibi* witness for whom notice was required. ***Id.*** The Majority also suggests that the trial court's exclusion of Ms. Marinkov's testimony improperly interfered with Appellant's opportunity to develop a mistaken identity defense.[3] ***Id.*** Pennsylvania case law, however, contemplates that an *alibi* witness includes one who puts a defendant in a place other than the crime scene at a particular time. ***See Commonwealth v. Roxbury***, 602 A.2d 826, 827 (Pa. 1992) ("The long-accepted definition of *alibi* is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party.") (citations and internal quotations omitted).[4] Because Ms. Marinkov was

_____

[3] To be clear, my belief is that if Ms. Marinkov testifies that on the date and time in question, she drove an individual other than Appellant to the transaction at issue, then Ms. Marinkov is both an *alibi* witness and a witness whose testimony could support a mistaken identity defense. I disagree with the implied premise underlying the Majority's conclusion that Ms. Marinkov is **either** an *alibi* witness or a witness whose testimony supports mistaken identity. Put differently, if Ms. Marinkov is offered to establish mistaken identity, then her testimony necessarily will be used in support of an *alibi* defense, and vice versa.

[4] In applying this definition, the Court in ***Roxbury*** observed that, "There is no minimum or threshold quantum of physical separation necessary for a defense to constitute an *alibi*, so long as the separation makes it impossible for the defendant to have committed the crime." ***Roxbury***, 602 A.2d at 828. Here, Ms. Marinkov's testimony would be offered to show that Appellant was not the passenger in the vehicle she drove to the transaction site, making it impossible for Appellant to have delivered the drugs to the

*(Footnote Continued Next Page)*

- 5 -

offered to prove that Appellant was not present at the underlying transaction, I believe she qualified as an *alibi* witness and that the trial court correctly applied Pennsylvania law in refusing to admit her testimony. Accordingly, I see no reason to disturb the trial court's ruling.[5]

For each of the foregoing reasons, I concur, in part, and dissent, in part.

---

*(Footnote Continued)*  ────────────────

CI. For purposes of determining whether Ms. Marinkov qualified as an *alibi* witness, her failure or inability to place Appellant at a particular distant location is irrelevant.

[5] Leaving aside my disagreement with the Majority's conclusion that Ms. Marinkov is not an *alibi* witness, I agree that the vagueness of Appellant's proffer requires further exploration regarding the potential relevance of Ms. Marinkov's testimony. **See** Majority Memorandum at 9-10 (remanding for examination of relevance of Ms. Marinkov's testimony). If Ms. Marinkov cannot say that she transported another individual to the transaction at issue, then her proffered testimony has no conceivable relevance to the issues in this case.